

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 13, 2017**

**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Ayr Logistics Limited Inc., ) | |
| ) | Case No. 14-34940-bjh-7 |
| Debtor. ) | |
| ) | |
| ) | |
| Jeffrey H. Mims, Chapter 7 Trustee for ) | |
| Ayr Logistics Limited Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proceeding No. 16-03139 |
| ) | |
| Ayr Property Development AD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## FINDINGS OF FACT AND CONCLUSION OF LAW

On this day, Jeffrey H. Mims, the Chapter 7 Trustee (the "Trustee") for Ayr Logistics

Limited Inc. (the "Debtor") and Ayr Property Development AD ("APD", and together with the

Trustee, the "Parties") announced to the Court through their attorneys of record that they are in

27621920_6.docx

agreement on all issues of fact and the application of law to those facts, and thereafter announced to the Court their agreement that the Trustee shall recover judgment against APD. The Court has considered the agreement of the Parties announced to the Court and is of the opinion that judgment should be rendered for the Trustee against APD in accordance with the agreement of the Parties. Accordingly, the Court hereby makes the following findings of fact and conclusions of law. All findings of fact, where appropriate, may be also construed as conclusions of law, and vice versa.

## I.    FINDINGS OF FACT

### A.    The Parties.

A.    The Trustee was duly appointed on October 10, 2014, by the U.S. Trustee, as the chapter 7 trustee in the Debtor's chapter 7 bankruptcy case (the "Chapter 7 Case"). The Trustee is vested with, among other things, the power to investigate the acts, conduct, assets, liabilities, and financial condition of Ayr Logistics Limited Inc.

B.    Defendant APD is a Bulgarian joint stock company with its principal place of business at Targovishte, Republic of Bulgaria.

C.    The Debtor's business involved coordinating projects overseas, and APD, a 100 percent owned subsidiary of the Debtor, is currently in an insolvency proceeding in Bulgaria.

D.    Maria Nakova is the duly-authorized representative of APD.

### B.    The Rudersdal Claim.

E.    On March 28, 2012, the Debtor entered into that certain *Agreement* with ASP2 and Asset (the "March 28 Agreement"), which provides in section 3 that the Debtor "acquire[d] and assume[d] and enter[ed] into to the rights of [All Seas Property 2 OOD ("ASP2")] and [Asset Management EAD] as defined in the Reorganization Plan for APD . . . ."

F. Any disputes arising from the March 28 Agreement, including interpreting the will of the parties thereto, the validity of the March 28 Agreement, and the fulfillment of the parties' obligations under the March 28 Agreement, are, pursuant to section 6(b) of the March 28 Agreement, to be determined by "the competent court having jurisdiction over the principal place of business of [the Debtor]." On May 27 2013, APD, pursuant to that certain *Agreement* (the "APD Agreement"), agreed to be bound by the jurisdiction provision in the March 28 Agreement.

G. The March 28 Agreement provides in section 6(d)(i) that Rudersdal EOOD ("Rudersdal") "shall enjoy a reserved right to join as a party to this Agreement by entering into ASP2's rights hereby agreed and exercising such rights together with ASP2, where the intercompany relationships between Rudersdal and ASP2 shall concern and be enforceable against [the Debtor] to the extent and in the manner defined in Section VIII of the Reorganization Plan . . . ."

H. On August 9, 2011, the Targovishte District Court issued Ruling No. 34 ("Ruling No. 34"), pursuant to which the court allowed Rudersdal a claim in the amount of EUR 12,196,500, which is equal to BGN 23,854,280.60 (the "Rudersdal Claim").[4] The next day, the Targovishte District Court issued Ruling No. 90, which ordered that the List of Creditors, dated June 14, 2011 (the "June 2011 List"), be supplemented to add the Rudersdal Claim.

I. On April 15, 2012, pursuant to the certain *Statement of Acceptance* (the "Joinder"), Rudersdal, by and through Erik Bresling and Michael Bertelsen, joined as a party to the March 28 Agreement, entering into ASP2's rights under the March 28 Agreement.

---

[4] Using an exchange rate of 1 Euro to 1.95583 BGN, EUR 12,196,500 equals BGN 23,854,280.60.

J.    The Rudersdal Claim was included in the List of Creditors, dated July 10, 2013 (the "July 2013 List").

K.    On June 28, 2016, pursuant to that certain *Monetary Claim Rights Transfer By Endorsement* (the "Rudersdal Claim Transfer", and together with the March 28 Agreement and the Joinder, the "Rudersdal Claim Transfer Agreements"), Rudersdal, in furtherance of the March 28 Agreement and the Joinder, transferred the Rudersdal Claim to the Debtor.  On July 7, 2016, the Trustee, through his Bulgarian special counsel, gave notice of the assignment of the Rudersdal Claim to APD Trustee Kolyovska and the Shumen District Court.

**C.    The Kota Claim.**

L.    On January 8, 2013, a claim in the amount of BGN 2,358,456.00 (the "Kota Claim") was included in the January 8, 2013 List (the "January 2013 List"), representing a claim owed to attorney Zahari Tomov ("Tomov") for his attorney fees, owed for services rendered successfully objecting to First Investment Bank AD's request to be accepted as a creditor of APD, which claim was allowed pursuant to Ruling No. 8, dated February 12, 2013 (the "February 2013 Ruling").

M.    On February 22, 2013, pursuant to that certain *Notification of Cession* (the "Kota Cession"), Tomov transferred the Kota Claim to Kota Energy AD ("Kota").  Thereafter, Kota was recognized as the holder of the Kota Claim in the July 2013 List.

N.    On October 20, 2015, pursuant to that certain *Acknowledgement of Instructions Acceptance* (the "Kota Acknowledgement"), Kota acknowledged that the Kota Claim shall be due and payable to the Debtor.

O.    On June 30, 2016, pursuant to that certain *Monetary Rights Claim Transfer By Endorsement* (the "Kota Claim Transfer", and together with the Kota Acknowledgement, the

"Kota Claim Transfer Agreements"), Kota, in furtherance of the Kota Acknowledgement, transferred the Kota Claim to the Debtor.

P.  On July 7, 2016, the Trustee, through his Bulgarian special counsel, gave notice of the assignment of the Kota Claim to the Defendant, by and through Gankya Kolyovska, the trustee for APD ("Trustee Kolyovska"),[5] and the Shumen District Court.

**D.  The Seek Claim.**

Q.  On or about July 7, 2008, pursuant to that certain *Bank Loan Agreement* (the "PCD Bank Loan Agreement"), Corporate Commercial Bank AD ("CCB") loaned EUR 10,000,000.00 to Project Company Development AD ("PCD").

R.  The PCD Bank Loan Agreement is secured by a mortgage, recorded July 8, 2008, against the land that was acquired by APD for the development of the Silver Beach Project.

S.  On or about June 22, 2011, pursuant to that certain *Account Receivable Transfer Agreement (Cession)* (the "CCB Cession Agreement"), CCB assigned to Finance Engineering AD ("FEAD") a portion of the account receivable, in the amount of EUR 3,500,000.00, owed by PCD pursuant to the PCD Bank Loan Agreement.

T.  On or about September 13, 2012, pursuant to that certain *Agreement Pursuant to Article 171 of the Obligations and Contracts Act* (the "FEAD Cession Agreement"), FEAD assigned its right to receive payment from PCD, pursuant to the PCD Bank Loan Agreement and the CCB Cession Agreement, to Seek Foundation LLC ("Seek").

---

[5] Trustee Kolyovska was the initial trustee for APD, was replaced as trustee, was then reappointed as Trustee and is the current trustee of APD.

U. On February 28, 2013, a *Writ of Execution* was issued by the Targovishte Regional Court (the "Writ of Execution"), pursuant to which PCD was ordered to pay to Seek EUR 3,454,646.51 and BGN 136,980.00 (the "Seek Claim").

V. On July 24, 2013, Trustee Kolyovska sent an invitation to Seek to present a payment request for the Seek Claim (the "July 2013 Letter"). On August 5, 2013, Seek presented a payment request for the Seek Claim (the "Seek Payment Request") and on August 7, 2013, the Seek Claim was acknowledged by Trustee Kolyovska as a valid claim (the "August 7 Letter").

W. On November 17, 2015, APD confirmed that it was indebted to Seek for the Seek Claim (the "November 17 Letter").

X. On June 30, 2016, pursuant to that certain *Monetary Claim Rights Transfer By Endorsement* (the "Seek Claim Transfer", and together with the PCD Bank Loan Agreement, the CCB Cession Agreement, the FEAD Cession Agreement and the Writ of Execution, the "Seek Claim Transfer Agreements"), Seek transferred the Seek Claim to the Debtor.

Y. On July 7, 2016, the Trustee, through his Bulgarian special counsel, gave notice of the assignment of the Seek Claim to Trustee Kolyovska and the Shumen District Court.

## II. CONCLUSIONS OF LAW

**A. Jurisdiction, Venue, and Authority**

1. This Court has jurisdiction over the Trustee's Complaint against APD pursuant to 28 U.S.C. §§ 157 and 1334. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. On June 17, 2016, the Court entered its *Order Granting Trustee's Expedited Motion to (I) Enforce the Protections of the Automatic Stay and (II) Confirm the Jurisdiction of the Bankruptcy Court to Determine Property of the Estate* [Bankr. Dkt. No. 35] (the "Jurisdiction

Order"). Paragraph 7 of the Order provides that "[p]ursuant to 28 U.S.C. §§ 1334(e) and 157(b)(2)(B), 11 U.S.C. §§ 105(a) and 541, this Court has exclusive jurisdiction to determine the ownership of" property of the Debtor's Estate. The Complaint concerns the Debtor's ownership of claims, and therefore implicates this Court's exclusive jurisdiction concerning property of the Debtor's estate.

3. This adversary proceeding constitutes a "core" proceeding as defined in 28 U.S.C. § 157. The Trustee and APD have both consented to the entry of final orders and judgments by this Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

4. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with a case pending under title 11 of the United States Code (the "Bankruptcy Code") pending in this District.

5. As a result of the Rudersdal Claim Transfer Agreements, APD is indebted to the Debtor for the Rudersdal Claim in the amount of BGN 23,854,280.60.

6. As a result of the Kota Claim Transfer Agreements, APD is indebted to the Debtor for the Kota Claim in the amount of BGN 2,358,456.00.

7. As a result of the Seek Claim Transfer Agreements, APD is indebted to the Debtor for the Seek Claim in the amount of EUR 3,454,646.51 and BGN 136,980.00.

8. An agreed final judgment shall be entered and docketed separately.

# # # END OF FINDINGS AND CONCLUSIONS # # #

**AGREED AS TO FORM AND SUBSTANCE:**

*/s/ Timothy S. Springer*
Kristian W. Gluck (SBT 24038921)
Timothy S. Springer (SBT 24088460)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
kristian.gluck@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com

COUNSEL FOR THE TRUSTEE

Attorney Maria Gavrilova Nakova
Admitted to Sofia Bar, Bulgaria
Personal No 1100259610
4 Sevast Ognyan, 2140 Botevgrad 2140, Bulgaria
+359 888 792 626
mg_nakova@yahoo.com

COUNSEL FOR DEFENDANT
AYR PROPERTY DEVELOPMENT AD

AGREED AS TO FORM AND SUBSTANCE:

_____
Kristian W. Gluck (SBT 24038921)
Timothy S. Springer (SBT 24088460)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
kristian.gluck@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com

COUNSEL FOR THE TRUSTEE

_____
Attorney Maria Gavrilova Nakova
Admitted to Sofia Bar, Bulgaria
Personal No I100259610
4 Sevast Ogynan, 2140 Botevgrad 2140, Bulgaria
+359 888 792 626
mg_nakova@yahoo.com

COUNSEL FOR DEFENDANT
AYR PROPERTY DEVELOPMENT AD